IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs September 11, 2001

## SIDNEY MCGLOWAN v. STATE OF TENNESSEE

**Appeal as of Right from the Criminal Court for Shelby County**
**No. P23284     Chris Craft, Judge**

---

**No. W2000-01925-CCA-R3-PC  - Filed November 29, 2001**

---

The petitioner, Sidney McGlowan, filed for post-conviction relief alleging the ineffective assistance of counsel.  The post-conviction court summarily dismissed the petition.  On appeal, the petitioner alleges that the court erred by dismissing his petition without appointment of counsel and without an evidentiary hearing.  Following a review of the record, we affirm the judgment of the post-conviction court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court is Affirmed.**

NORMA MCGEE OGLE, J., delivered the opinion of the court, in which THOMAS T. WOODALL and ROBERT W. WEDEMEYER, JJ., joined.

Sidney McGlowan, Tiptonville, Tennessee, pro se.

Paul G. Summers, Attorney General and Reporter; John H. Bledsoe, Assistant Attorney General; William L. Gibbons, District Attorney General; and James Wax, Assistant District Attorney General, for the appellee, State of Tennessee.

### OPINION

### I.  Factual Background

The petitioner was convicted by a jury in the Shelby County Criminal Court of burglary and theft.  He received an effective sentence of twelve years confinement in the Tennessee Department of Correction.  On direct appeal, this court affirmed the conviction and sentence on April 22, 1999.  See State v. Sidney and Donald McGlowan, No. 02C01-9706-CR-00225, 1999 WL 234784 (Tenn. Crim. App. at Jackson, April 22, 1999).  Subsequently, the petitioner's appellate counsel was allowed to withdraw pursuant to Rule 14 of the Rules of the Tennessee Supreme Court.  On May 11, 1999, the appellate court clerk mailed notice to the petitioner informing him of counsel's withdrawal and notifying him of the requirements of Tenn. R. App. P. 11 for further appeal.  No request for permission to appeal to the Tennessee Supreme Court  was filed.

Thereafter, the petitioner filed a pro se motion in this court seeking permission to file a delayed appeal to the supreme court. On July 15, 1999, this court denied petitioner's motion, noting that the petitioner had been properly notified of his counsel's withdrawal and concluding that neither this court nor the supreme court can extend the time for filing the application. Subsequently, on May 9, 2000, petitioner filed a petition for post-conviction relief alleging the ineffective assistance of counsel. On July 18, 2000, the post-conviction court dismissed the petition without appointment of counsel and without an evidentiary hearing, "determin[ing] that all . . . allegations in the petition are without merit as a matter of law." See Tenn. Code Ann. § 40-30-206(d) and (f) (1997). The petitioner now appeals the decision of the post-conviction court, alleging that the court erred by summarily dismissing his claim.

## II. Analysis

We begin our analysis by noting that post-conviction "[r]elief under this part shall be granted when the conviction or sentence is void or voidable because of the abridgment of any right guaranteed by the Constitution of Tennessee or the Constitution of the United States." Tenn. Code Ann. § 40-30-203 (1997). However, the Post-Conviction Procedure Act provides that

> a person in custody under a sentence of a court of this state must petition for post-conviction relief under this part within one (1) year of the date of the final action of the highest state appellate court to which an appeal is taken . . . or consideration of such petition shall be barred. . . . Time is of the essence of the right to file a petition for post-conviction relief . . . and the one-year limitations period is an element of the right to file such an action and is a condition upon its exercise. Except as specifically provided in subsections (b) and (c), the right to file a petition for post-conviction relief . . . shall be extinguished upon the expiration of the limitations period.

Tenn. Code Ann. § 40-30-202(a) (1997). Furthermore, our supreme court recently stated that

> the language of the Act is unambiguous. The Act clearly mandates that post-conviction claims be filed within one year from the date of the final action. . . . [The petitioner] had one year . . . in which to file his petition, but he did not do so. Therefore, [the petitioner] failed to seek timely post-conviction relief under a strict application of the statute.

Williams v. State, 44 S.W.3d 464, 468 (Tenn. 2001). However, the court noted the prior recognition by courts of this state that, in certain circumstances, strict application of the statute of limitations would deny a defendant a reasonable opportunity to bring a post-conviction claim and, thus, would violate due process. Id. (citing Seals v. State, 23 S.W.3d 272, 279 (Tenn. 2000)).

In Williams, the petitioner's attorney failed to timely file a Rule 14 motion requesting permission to withdraw. In remanding the case to the post-conviction court, our supreme court concluded that further development of the record was required to determine the circumstances surrounding possible misrepresentations made by counsel to the petitioner and whether those

-2-

misrepresentations had precluded the petitioner from filing a timely application. <u>Williams</u>, 44 S.W.3d at 471. Quoting from Justice Drowota's dissent in <u>Williams</u>, the majority reiterated that

> "filing an untimely application for permission to appeal to this Court does not constitute 'an appeal' as that term is used in Tennessee Code Annotated § 40-30-202(a) and therefore does not delay commencement of the one-year post-conviction statute of limitations." . . .The sole inquiry . . . is whether this limitations period is tolled because of due process concerns surrounding possible attorney misrepresentation.

<u>Id.</u> Here, no such concerns are raised.

We note that the State first raised the issue of the statute of limitations on appeal. Our supreme court, in <u>State v. Nix,</u> 40 S.W.3d 459, 464 (Tenn. 2001), recently observed:

> Tenn. Code Ann. § 40-30-202(a) declares that the one-year statutory period is an element of the right to file a post-conviction petition and that it is not an affirmative defense that must be asserted by the State. Therefore, it is incumbent upon a petitioner to include allegations of fact in the petition establishing either timely filing or tolling of the statutory period. <u>See</u> Tenn. Code Ann. § 40-30-204(e) ("The petitioner shall include allegations of fact supporting each claim for relief set forth in the petition. . . ."). Failure to include sufficient factual allegations of either compliance with the statute or incompetence requiring tolling will result in dismissal.

In the instant case, the State claims that the post-conviction petition was not timely filed ,and, therefore, the statute of limitations precludes this court from considering petitioner's claim. The State argues that the petitioner does not allege that any of the exceptions to the statute of limitations set forth in Tenn. Code Ann. § 40-30-202(b) are applicable. Therefore, the State contends that the post-conviction court properly dismissed the petition without appointment of counsel and without an evidentiary hearing.

For purposes of determining whether the petitioner's claim is time barred, we must first determine the date on which the statute of limitations bars relief. The record reflects that this court, the highest state appellate court to which an appeal was taken, affirmed petitioner's conviction on April 22, 1999. No application for permission to appeal to our supreme court was filed. Subsequently, the petitioner filed a pro se motion requesting permission to file a delayed appeal to the supreme court. This court, by order dated July 15, 1999, denied the petitioner's motion. The petition for post-conviction relief was filed on May 9, 2000, clearly more than one year after April 22, 1999, the date on which this court's opinion in petitioner's direct appeal was filed. Again, as our supreme court noted in <u>Williams</u>, "'filing an untimely application for permission to appeal to this Court does not constitute "an appeal" as that term is used in Tennessee Code Annotated § 40-30-202(a).'" 44 S.W.3d at 471.

Neither the petitioner nor the State makes any argument regarding whether the issuance of the mandate, rather than the date of filing of the opinion qualifies as "the final action of the highest state appellate court to which an appeal is taken." Tenn. Code Ann. § 40-30-202(a). Notably, this court has concluded that the final action of the supreme court is on the date of the filing of either their opinion or their denial of the application for permission to appeal. See John Haws Burrell v. State, No E1999-02762-CCA-R3-PC, 2001 WL 15792, at *2 (Tenn. Crim. App. at Knoxville, January 8, 2001), perm. to appeal denied, (Tenn. 2001); Monroe Brown v. State, No. 01C01-9112-CR-00367, 1992 WL 186548, at *2 (Tenn. Crim. App. at Nashville, August 6, 1992). These cases are persuasive and lead us to conclude that the petitioner was required to file his claim no later than April 22, 2000.

Unlike the circumstances in Williams, there are no allegations of misrepresentation by petitioner's counsel, and the record shows that this petitioner's counsel properly filed a Rule14 motion for permission to withdraw. See Barry N. Waddell v. State, No. M2001-00096-CCA-R3-PC, 2001 WL 1246393, at *3 (Tenn. Crim. App. at Nashville, October 17, 2001). The appellate court clerk notified petitioner of his counsel's withdrawal and also informed him that he must file an application for permission to appeal within sixty (60) days after this court filed its opinion. We cannot conclude that due process requires tolling the statute of limitations in the petitioner's case. Additionally, we note that the record does not reflect that petitioner's claim would satisfy any of the three exceptions to the post-conviction statute of limitations as set forth in Tenn. Code Ann. § 40-30-202(b) and (c). Thus, we must conclude that the post-conviction court properly dismissed the petitioner's claim prior to appointing counsel or conducting an evidentiary hearing because the petition was not timely filed.

Regardless of the issue of the statute of limitations, we must conclude that the petitioner would fail to succeed on the merits of his claim. In his petition for post-conviction relief, the petitioner alleged that his counsel was ineffective. We note that, when a petitioner seeks post-conviction relief on the basis of ineffective assistance of counsel, he must first establish that the services rendered or the advice given were below "the range of competence demanded of attorneys in criminal cases." Baxter v. Rose, 523 S.W.2d 930, 936 (Tenn. 1975). Second, he must show that the deficiencies "actually had an adverse effect on the defense." Strickland v. Washington, 466 U.S. 668, 693, 104 S. Ct. 2052, 2067 (1984). Because a petitioner must establish both prongs of the test, a failure to prove either deficiency or prejudice provides a sufficient basis to deny relief on the ineffective assistance claim. Goad v. State, 938 S.W.2d 363, 370 (Tenn. 1996). On claims of ineffective assistance of counsel, the petitioner is not entitled to the benefit of hindsight, may not second-guess a reasonably based trial strategy, and cannot criticize a sound, but unsuccessful, tactical decision made during the course of the proceedings. Adkins v. State, 911 S.W.2d 334, 347 (Tenn. Crim. App. 1994). Such deference to the tactical decisions of counsel, however, applies only if the choices are made after adequate preparation for the case. Cooper v. State, 847 S.W.2d 521, 528 (Tenn. Crim. App. 1992).

The petitioner argues that his trial counsel was ineffective by failing to challenge the sufficiency of the affidavit of complaint in his case, claiming that it does not establish probable

cause. The post-conviction court noted that, subsequent to the issuance of the affidavit of complaint, the appellant was indicted by the Shelby County Grand Jury. As the court correctly concluded, any alleged error in the affidavit of complaint was cured by the subsequent indictment. <u>See</u> <u>State v. Wilson</u>, 6 S.W.3d 504, 507 (Tenn. Crim. App. 1998); <u>Jones v. State</u>, 332 S.W.2d 662, 667 (Tenn. 1960). The petitioner was obviously not prejudiced by trial counsel's failure to attack the affidavit. This issue is without merit.

The petitioner also argues that his trial counsel failed to object to an erroneous jury charge on the range of punishment and failed to include that erroneous charge as a ground to support his motion for new trial. The post-conviction court attached to its order dismissing petitioner's claim a copy of the trial court's charge to the jury in petitioner's case. We agree with the post-conviction court's determination that a review of the transcript reveals that the trial judge did not give any charge to the jury regarding range of punishment. As the post-conviction court properly determined, there is no basis to support petitioner's claims. These issues are without merit.

### III.  Conclusion

Finding no error, we affirm the judgment of the post-conviction court dismissing the petitioner's claim for relief without appointment of counsel or an evidentiary hearing.

_____
NORMA McGEE OGLE, JUDGE